IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PHOENIX LICENSING, L.L.C., ET AL.<br><br>v.<br><br>CARNIVAL CORPORATIONS & PLC and<br>PRINCESS CRUISE LINES, LTD. | Case No. 2:13-cv-1084-JRG-RSP |

## **MEMORANDUM ORDER**

Before the Court is Carnival Corporations & PLC ("Carnival") and Princess Cruise Lines Ltd. ("Princess Cruise") Motion to Sever Claims and Transfer Venue. (Dkt. No. 21, "Motion to Transfer.") In their Motion to Transfer, Carnival and Princess Cruise seek to sever the case as between these two defendants and transfer each suit to the Southern District of Florida and the Central District of California, respectively. (Mot. at 1–2.)

As an initial matter, on March 20, 2015, the parties moved to dismiss Carnival with prejudice. (Dkt. No. 415, *Case No. 2:13-cv-01081-JRG-RSP*, "Motion to Dismiss.") In light of the Motion to Dismiss, the Court **DENIES AS MOOT** Carnival and Princess Cruise's Motion to Transfer as to the issue of severance. Moreover, the Court **DENIES AS MOOT** Carnival's Motion to Transfer as to Carnival's arguments regarding transfer to the Southern District of Florida. Accordingly, the remainder of this Order is limited to Princess Cruise's Motion to Transfer to the Central District of California.

After considering all of the record evidence and weighing the various factors, the Court finds that Princess Cruise has failed to carry its burden of showing that the Central District of California is a clearly more convenient venue for this case. Accordingly, for the reasons set forth below, the Court **DENIES** Princess Cruise's Motion to Transfer to the Central District of California.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Phoenix Licensing, LLC is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona. (Dkt. 1 at ¶ 5.) Plaintiff LPL is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona. (*Id*. at ¶ 6.) On December 11, 2013, Phoenix filed this suit against Princess Cruise Lines Ltd. ("Princess Cruise") a Bermuda-based Corporation with its principal place of business in Santa Clarita, California. (Dkt. No. 21-2 ("Ho Decl.") at ¶ 2.) In its original complaint (Dkt. No. 1), Phoenix accused Princess Cruise of infringing U.S. Patent No. 5,987,434; U.S. Patent No. 7,890,366; U.S. Patent No. 8,352,317; U.S. Patent No. 7,856,375; and U.S. Patent No. 8,234,184 (collectively, "Patents-in-Suit"). (*Id*.) Princess Cruise now moves the Court pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Central District of California. (Dkt. No. 21.)

**APPLICABLE LAW**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of

proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314–15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## DISCUSSION

A.  **Proper Venue**

Neither party disputes that venue is proper either in the Eastern District of Texas or the Central District of California as to Phoenix and Princess Cruise.

B.  **Private Interest Factors**

   1.  **Cost of Attendance for Willing Witnesses**

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* Wright & Miller, *Federal Practice and Procedure* § 3851. "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343–44.

Under this heading, Princess Cruise rests its entire argument on the convenience of its own party witnesses and speculates as to the convenience of one party witness for Phoenix. (*See* Mot. at 8)

> . . . [T]he Central District of California is home to most, if not all, of Princess's witnesses, including its Senior Vice President for Marketing, its Vice President of International Marketing and former Vice President of North American Marketing, its directors for Brand Marketing and Direct Marketing, and its President—who is also its former Executive Vice President of Sales, Marketing and Customer Service.

(*Id*.) ("Other than an LPL employee whom Plaintiffs claim works in Tyler, Texas, Defendants are aware of *no* witnesses with relevant information who are in the Eastern District of Texas. The inventor Richard Libman resides in Scottsdale, Arizona, where both Plaintiffs are based.") (emphasis in original) (citing Dkt. No. 21-3 "Wyrwich Decl." at ¶ 7). In fact, the only evidence Princess Cruise proffers to support its position is by way of the declaration of Tom Wywich. (Mot. at 8–9); *see also* (Wyrwich Decl. at ¶¶ 5–6) (establishing the distance and travel times from Princess Cruise's principal place of business to Texas; and from Phoenix, Arizona to California as compared to Texas). Princess Cruise's motion and reply do not address third-party witnesses whatsoever under this heading.

For its part, Phoenix offers evidence to support its contention that Texas is a more convenient forum as to its third-party witnesses. (*See* Opp. at 10) (citing Wang Decl. at ¶ 5). Phoenix additionally argues against transfer in view of its party witness located in Tyler, Texas and further states that it is more convenient for the party and third-party Arizona-based witnesses to travel to Texas than California. (Opp. at 10–11) (arguing the shortened distance from Arizona to California as compared to Texas is "more than offset by the need to also fly to Texas for the 20 other cases . . . .")

Although the Court recognizes that Princess Cruise has identified more party witnesses in the Central District of California than Phoenix identified in the Eastern District of Texas, the Court finds the balance tips slightly in Phoenix's favor giving proper consideration to its third-party witnesses. Accordingly, taken as a whole, this factor only weighs slightly against transfer.

2. **Relative Ease of Access to Sources of Proof**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in

favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Princess Cruise's motion states "Princess keeps its documents and records relevant to the alleged infringement at its offices in Santa Clarita . . . ." (Mot. at 10) (citing Dkt. No. 21-2 "Ho Decl." at ¶ 4). However, Princess Cruise's statement and evidence are set forth in a fairly generic manner, and limited to three sub-specialized departments. (*Id.*) Indeed, Princess Cruise does not appear to dispute the ambiguity within its own representations to the Court. (*See* Mot. at 10 n.2) (shifting the blame onto Phoenix regarding "[a]ny ambiguity in the location of relevant documents" due to Phoenix's purported failure to sufficiently describe in its original complaint which service, product, or process that allegedly infringes the Patents-in-Suit). At best, therefore, Princess Cruise sets forth the locus of *some* of its relevant documentation.

Equally, Phoenix proffers evidence of *some* relevant documentation physically located within the Eastern District of Texas. (*See, e.g.*, Dkt. No. 24-14 ("Libman Decl.") at ¶ 3) (discussing corporate and intellectual property-based documentation located in Tyler, Texas). Because both Plaintiff and Defendant have merely illustrated that some of their documentation is located within the transferor and transferee districts, respectively, this factor neither weighs for or against transfer.

Accordingly, evaluated as a whole, this factor is neutral.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

Under Federal Rule of Civil Procedure 45 (as recently amended), this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense. FED. R. CIV. P. 45(c)(1)(B). Similarly, the Court may enforce any subpoena for a deposition to be taken within its boundaries, provided that the deposition is taken no more than 100 miles from a location where the person resides, is

employed, or regularly transacts business in person. *See id.* at (a)(2), (c)(1)(A), (d)(3)(a). Moreover, party witnesses do not require compulsory process for trial and are not given much weight in this factor. Rather, the focus of this factor is on witnesses for whom compulsory process to attend trial might be necessary.

Regarding compulsory process, Princess Cruise fails to identify a single witness under this heading. (*See* Mot. at 10–11) (arguing in the motion only for potential witnesses as to Carnival, not Princess Cruise). In fact, the only allegation Princess Cruise advances under this heading is supported, not with evidence, but with attorney argument. (*See id*. at 11) ("Neither Carnival nor Princess has any knowledge of *any* possible witness based within 100 miles of Marshall, Texas.") (Emphasis in original.)

For its part, Phoenix does not specifically identify any third-party witnesses located within the Eastern District of Texas. Phoenix does, however, set forth evidence establishing Princess Cruise's activities within the State of Texas. *See, e.g.,* (Dkt. No. 24-1, "Wang Decl." ¶¶ 6–8) (proffering significant evidence of Princess Cruise's operational- and advertising-based activities within the Southern District of Texas and the Eastern District of Texas). Pursuant to the Federal Rules, this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense. FED. R. CIV. P. 45(c)(1)(B). Indeed, under the Federal Rules, Phoenix could compel attendance at trial as to any witnesses located within the State of Texas involved in Princess Cruise's operations and ongoing activities within the state. [1] These facts weigh against transfer.

Accordingly, evaluated as a whole, this factor weighs slightly against transfer.

---

[1] Notably, Princess Cruise argues its "port in the Southern District of Texas is no more relevant than one in the District of Alaska." (Reply at 5.) The Court strains to reconcile this assertion with the Federal Rules of Civil Procedure given the statewide subpoena power provision of the Rules. FED. R. CIV. P. 45(c)(1)(B).

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Under this prong, Princess Cruise concludes this factor weighs in its favor based on timing-related arguments. (*See* Mot. at 11) ("There has been no discovery, no pretrial scheduling order, and no mediation efforts to date. The Court has not yet held the Initial Case Management Conference and Plaintiffs have not yet served the Disclosure of Asserted Claims and Infringement Contentions required by P.R. 3-1."). For the balance of its briefing regarding this factor, Princess Cruise argues against the Court according any weight whatsoever to the remaining twenty patent infringement cases filed contemporaneously with the instant suit. (Mot. at 11–12.)

In response, Phoenix argues judicial economy weighs against transfer due to the significant overlap with previous and concurrent cases pending in this District. (*See, e.g.,* Opp. at 1) ("LPL's 21 cases pending in this Court involve clear and undeniable overlap in patents, accused technology (directed to computerized systems and methods for generating customized marketing communications), and legal issues."); (*id.* at 11) ("Here, transfer would not promote judicial economy or serve the interest of justice. The Court has held a scheduling conference in 20 of the cases in this District and set tentative dates for a Markman hearing and jury selection."); (*id.* at 12) ("In addition, this District has been the venue for at least 13 past cases involving patents that overlap with those asserted in the current consolidated cases, and 10 of the past cases completed claim construction briefing.") (citing Wang Decl. at ¶ 3.)

Moreover, Phoenix cites specific reasons why judicial economy supports denial of transfer based upon the common relationship among the Patents-in-Suit. (*See* Sur-Reply at 2.)

> All of LPL's seven patents are related, claim priority to the same patent application, and concern novel systems and methods for generating customized marketing materials. The parent patent, the '434 patent, is being asserted in all but

three of the 21 pending cases. Clearly, many of the same issues that are raised by LPL's complaint against Defendants will be decided by this Court in the related proceedings, including claim construction, defenses, and damages issues.

Evaluating all the considerations under this prong, the Court finds the factor weighs against transfer. As Phoenix correctly notes, the previously filed lawsuits involve an overlap of issues in fact and law such that judicial economy would not be best served through transfer. Moreover, prior to the completion of briefing on the Motion to Transfer, the parties agreed to dates for jury selection and claim construction, along with all other dates set in the Docket Control Order. (Dkt. No. 139, *Case No. 2:13-cv-01081-JRG-RSP*.) Finally, regarding Phoenix's argument that the number of related cases consolidated for pretrial purposes weighs against transfer, although the Court will not accord dispositive weight to this fact, it must be considered when determining how transfer would affect the overall judicial economy. By evaluating all of the foregoing considerations under this heading as a whole, the Court determines judicial economy under the specific facts and evidence presented by the parties would be adversely affected.

Accordingly, the Court finds this factor weighs against transfer.

**C.    Public Interest Factors**

**1.    Local Interest in Having Localized Interests Decided at Home**

Princess Cruise argues the Central District of California has a local interest in this case due to Princess Cruise's "headquarters, where 1,703 of its employees are based, has been in Santa Clarita since 2000, and Princess, in its various corporate forms, has been based in Los Angeles County since 1986." (Mot. at 12.) To the extent Princess Cruise's position is staked upon a connection not to "the events that gave rise to this suit," as suggested by *In re Volkswagen II*, but rather a connection of some residents of the Central District of California, financial or otherwise, to Princess Cruise itself, the Court notes that this raises troubling fairness implications and affords it little weight. 545 F.3d at 318. Indeed, while the concentration of

Princess Cruise's corporate activities may take place in or near the Central District of California, it is indisputable that Princess Cruise has a significant commercial presence across the country and in this District.

Moreover, Princess Cruise's attempt to tie any purported local interests to the Central District of California based on the events that gave rise to this suit is speculative at best, devoid of evidentiary support, and entirely dependent upon attorney argument. (*See* Mot. at 12) ("Any conduct that may have allegedly infringed the Plaintiffs' patents *likely* occurred in [the Central District of California].") (Emphasis added.)

Accordingly, in view of the foregoing, this factor is neutral.

> **2. Administrative Difficulties Flowing From Court Congestion, Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The Court finds that the remaining public interest factors are neutral. Indeed, Princess Cruise appears to concede these remaining factors are neutral. (*See, e.g.*, Mot. at 14) (" . . . [T]he other public interest factors either favor transfer or are neutral) (*id*.) (citing an average civil action pendency in the Eastern District of Texas as 20.8 months and the Central District of California as 21.4 months). Princess provides no other support, either through evidence or attorney argument, as to why it believes these factors "either favor transfer or are neutral." (*Id*.); (*see generally* Reply) (electing not to devote any argument to these remaining factors in the reply brief).

Accordingly, the Court finds these three factors to be neutral as well.

## CONCLUSION

A motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Nintendo Co.*, 589 F.3d at 1197; *In re Genentech, Inc.*, 566 F.3d at 1342 (Fed. Cir. 2009). After weighing the evidence as a whole, the Court finds that this is not such a situation. Three factors weigh against transfer and the remaining factors are neutral. Not one factor weighs in favor of transfer. On balance, Princess Cruise has fallen short of meeting its burden to show that the Central District of California would be a clearly more convenient forum than the Eastern District of Texas. Accordingly, Princess Cruise's Motion to Transfer Venue (Dkt. No. 21) is **DENIED**.

**SIGNED this 29th day of March, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE